UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    v.

THOMAS CARTER RONK,

                Defendant.

No. 1:18-cv-08908-GBD

---

## DECLARATION OF BARRY O'CONNELL

BARRY O'CONNELL, pursuant to U.S.C. § 1746, declares as follows:

1. I am over twenty-one years of age. I am employed as a Senior Counsel in the New York Regional Office of the Plaintiff United States Securities and Exchange Commission ("Commission"). I submit this declaration in connection with the Commission's Opposition to the Motion by Defendant Thomas Carter Ronk to Dismiss or Transfer this Action.

2. I am familiar with the facts and proceedings in this action and the matters alleged in the Commission's Complaint. I make this Declaration based on my direct knowledge, information, and belief. The source of my information and the bases of my belief are the documents obtained by the Commission, interviews and testimonies taken from various parties during the course of the investigation that preceded this action, and conversations with other members of the Commission's staff that relate to this action.

3. The Complaint alleges that Ronk made false statements to prospective investors in connection with a private stock offering by WealthMakers, Ltd. ("WealthMakers"), a private company he co-founded. Complaint at ¶ 2. As Ronk conceded in the underlying investigation, WealthMakers had a New York office. Attached as Exhibit A is an excerpt from Ronk's investigative testimony held on February 21, 2018 (edited only to underline the relevant text)

showing his testimony that WealthMakers had an office "connected by an open door" to a so-called "investor-relations firm"—a boiler room—that was operated by Kieran Kuhn, SCR Small Cap Resources, based in New York.  Attached as Exhibit B is an email from Kuhn showing SCR's New York address in the Eastern District of New York, at 14 Vanderventer Ave., Suite 138, Port Washington, New York.

4.  Attached as Exhibit C is a true and correct copy of a spreadsheet produced to the Commission during its investigation listing shareholders of Gepco, Ltd. as of March 3, 2014 (edited only to remove non-essential columns and to highlight SDNY-domiciled investors).  I calculated the following eleven investors, domiciled in the Southern District of New York, to collectively hold 214,605 Gepco shares as of March 3, 2014:

| Name | SDNY Residence | Gepco Shares |
|---|---|---|
| Anthony J. Bombace | New Rochelle, New York | 1100 |
| Armand Sathue | South Salem, New York | 10,000 |
| Badisse David Mehmet | New York, New York | 100 |
| Eric H. Spellman | Rye, New York | 400 |
| Franklin Goenaga | Bronx, New York | 5 |
| Joseph Glori | New Rochelle, New York | 500 |
| Mel Lintz | Lenox Hills, New York | 2,000 |
| Michael D. Tofias | New York, New York | 190,000 |
| Olivia Coym | New York, New York | 4,500 |
| Richard A. Jagdeo | Cortland Manor, New York | 1,000 |
| Rowais Wong | New York, New York | 5,000 |
|  |  | **214,605** |

5. Attached as Exhibit D is a true and correct copy of a spreadsheet produced to the Commission during its investigation, in February 2015 (edited only to highlight the relevant text), identifying Antoine Marcel Atinkpahoun as having a New York, New York residence and holding 1,000 WealthMakers shares.

6. Attached as Exhibit E is a true and correct copy of a spreadsheet produced to the Commission during its investigation reflecting a shareholder list for Casablanca Mining, Ltd. as of October 7, 2014.

7. Based on the information in Exhibits C, D and E, I estimate that investors based in California represent less than a third of the investors in each of Gepco, Casablanca, and WealthMakers.

8. Attached as Exhibit F is an excerpt from Ronk's investigative testimony held on February 21, 2018 (edited only to underline the relevant text) showing his testimony about traveling to a "Ruth Chris Steakhouse in New York" to make an investor presentation concerning Casablanca Mining Ltd.

9. Attached as Exhibit G is a true and correct copy of an email produced to the Commission during its investigation, dated January 30, 2012, which lists a "Schedule for Casablanca Mining Ltd." at a "Merriman Capital Investor Summit 2012" held at the InterContinental Times Square, NYC. The schedule lists Ronk as the presenter for Casablanca and lists a series of meetings in various suites of the hotel.

10. On the "Schedule for Casablanca Mining Ltd." reflected on Exhibit G, Ronk was scheduled to meet with, among others, Christopher Tyson and Justin Vaicek of Liolios Group. Attached as Exhibit H is a true and correct copy of an email produced to the Commission during its investigation, dated June 6, 2012, where Chris Tyson <Christopher@liolios.com> writes to Ronk, "Justin Vaicek and I are very familiar with the Casablanca story as we have met Tom Ronk and are

very close with Spencer Grimes at Merriman Capital [host of Investor Summit in Exhibit G]. We would like to speak with you in more detail about our firm and how we could leverage your existing [Investor Relations] campaign. Justin Vaicek is our natural resources analyst and I believe his 15+ years' experience in the sector will add tremendous amount of value to your [Investor Relations] strategy."

11. Attached as I is a true and correct copy of an email produced to the Commission during its investigation, dated April 11, 2013, wherein Ronk and his associate Trish Malone email Michael G. Mullings, Vice President & Director of Restricted Transactions at Continental Stock Transfer & Trust Company, located at 17 Batter Place, 8th Floor, New York, NY 10004. The Subject of the email is "Casablanca Info," and it reads, "Hi Mike, Can you please send me the current number of shareholders as of today and the total number of shares outstanding"—followed by, "Hi Trish: There are 141 registered shareholders and the issued and outstanding is currently 60,259,633 common shares."

12. Attached as Exhibit J is an excerpt from Ronk's investigative testimony held on February 21, 2018 (edited only to underline the relevant text) showing his testimony that he received approximately $300,000 a year, or between $250,000-350,000 a year, for the years between 2012 and 2017.

13. Attached as Exhibit K are copies of both parties' initial disclosures, pursuant to Fed.R.Civ.Proc. 26, showing that only three out of seven witnesses listed in Ronk's disclosures reside in California, and only five out of twenty-two witnesses in the SEC's disclosures reside in California.

14. Staff from the SEC's New York Regional Office have exclusively worked on this case. Contrary to the assertion in Ronk's Motion, staff from the SEC's Los Angeles case would not be assigned to this case were venue to be transferred. Instead, at least two staff attorneys would

4

have to transport the investigative file to Los Angeles and work remotely from a hotel for the duration of the trial period, at public expense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   New York, New York
            February 15, 2019

*[signature]*
Barry O'Connell